***********
Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner as modified herein.
Based on the Pre-Trial Agreement reached by the parties, the Full Commission accepts the following as
 STIPULATIONS
1. All parties are properly before the N.C. Industrial Commission and that the Commission has jurisdiction of the parties and of the subject matter pursuant to the North Carolina Workers' Compensation Act (the "Act").
2. It is stipulated that all parties have been correctly designated and that there is no question as to misjoinder or nonjoinder of parties.
3. The date of injury by accident is November 1, 1996.
4. At the time of the injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and there was an employer/employee relationship between the parties with defendant-employer being insured with Harleysville Insurance Company.
5. All parties admit that on November 1, 1996, plaintiff was injured by accident.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. As a result of the compensable accident the plaintiff sustained on 1 November 1996, the plaintiff was immediately taken from the scene by ambulance to Johnston Memorial Hospital, and from there he was taken by helicopter to Duke University Medical Center. He suffered a large acute extradural hematoma, or head injury, which required emergency surgery. He also suffered numerous orthopedic injuries, including a severe, commuted left humerus fracture which required surgery to implant a plate and screws, a left fibular fracture and left mandibular fractures. The plaintiff remained unconscious for fifteen days.
2. The plaintiff remained hospitalized at Duke University Medical Center until 6 December 1996. He spent approximately twelve of those days in Duke's rehabilitation center. As testified by Dr. Edward Massey, a neurologist who treated the plaintiff, when the plaintiff was discharged, he still had significant cognitive dysfunction and was unable to live alone. The plaintiff had difficulty paying attention and understanding the nuances of taking care of himself.
3. The defendants refused to provide medical assistance for the plaintiff and the plaintiff has no money to pay for medical attention. Thus the plaintiff received little or no follow-up care since he was released from the hospital except for that provided by Dr. Oudeh, a local primary care physician who gave plaintiff pain medication from January 1997 through May of 1997. When Dr. Oudeh last saw the plaintiff, the plaintiff was unable to perform any physical labor, and Dr. Oudeh opined that the plaintiff would never be able to return to a job requiring any physical activity.
4. The plaintiff continues to suffer from severe headaches and cognitive difficulties, and occasionally feels dizzy and loses consciousness. He does not have full use and strength in his hands and can lift no more than ten pounds. He has difficulty bending and stooping. However, due to the plaintiff's lack of medical treatment, there is insufficient evidence to determine the full nature and extent of his injuries and permanent impairment.
5. The plaintiff grew up in Mexico and speaks almost no English. He has a second grade education and has performed construction work his entire life.
6. The plaintiff attempted to return to work for several different employers since the accident, but is unable to hold a full-time or permanent job. He has earned a total of approximately $1,000 since his injury performing only temporary part-time jobs. Defendant-employer paid some money to plaintiff after his injury; however, these sums were not wages and were not payment of workers' compensation or disability benefits.
7. Thus, the plaintiff has been unable to return to work earning his pre-injury wages for the defendant-employer or in any employment since the accident on 1 November 1996.
8. The defendants were ordered on several occasions for submit a Form 22 for the plaintiff and for another similarly situated employee. They failed to do so, therefore, the Commission must determine the appropriate average weekly wage based on the information in the record.
9. The plaintiff was paid by the defendant-employer on a salary basis, and his first week of work with the defendant-employer, he earned $250. The second week the plaintiff earned $300. After that, the plaintiff earned $450 per week, which was to be his permanent rate as a "finisher" of concrete. The plaintiff worked for the defendant-employer such a short period of time that to calculate his average weekly wage by dividing his total earnings by the number of weeks worked would be impractical and unfair. The defendant-employer presented no evidence of the average weekly wage of another employee with similar duties. An average weekly wage of $450 most nearly approximates the amount the plaintiff would be earning as a finisher for the defendant-employer but for his injury. The Full Commission, therefore, finds that the plaintiff's average weekly wage was $450.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The plaintiff became totally disabled on 1 November 1996, and despite unsuccessful attempts of employment the plaintiff remains temporarily and totally disabled. N.C.G.S. § 97-30.
2. The plaintiff's average weekly wage was $450. N.C.G.S. §97-2(5).
3. The plaintiff is entitled to compensation at the rate of $300 per week from 1 November 1996 and continuing until further Order of the Industrial Commission. N.C.G.S. § 97-30. Defendant is entitled to a credit in the amount of $1,000.00 for the plaintiff's earnings during this period of disability.
4. The plaintiff is entitled to have the defendants provide all medical compensation necessitated by this injury by accident, including all treatment at Johnston Memorial Hospital, Duke University Medical Center and that provided by Dr. Oudeh. N.C.G.S. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The defendants shall immediately begin providing medical treatment as may reasonably be required to effect a cure or give relief and tend to lessen the plaintiff's period of disability. Defendants shall immediately arrange for an evaluation by Dr. Massey to determine what, if any, further treatment the plaintiff needs for his neurological injuries and the extent of any permanent impairment. Defendants shall also arrange for an orthopedic surgeon in a locale convenient to the plaintiff to evaluate all his orthopedic injuries. The physicians should evaluate plaintiff to determine whether he needs nursing and/or other assisted living services. Defendant is requested to inquire as to the need for these services from his physicians.
2. The defendants shall pay temporary total disability compensation to the plaintiff at the weekly rate of $300 for the period beginning 1 November 1996 and continuing until further Order of the Industrial Commission. The part of this compensation that has accrued shall be paid in a lump sum to the plaintiff, subject to a credit of $1000 for the amount earned by the plaintiff since the accident, subject to a credit for any amount paid by the defendants since 14 September 2000, and subject to the attorney fee approved below. The defendants shall not receive a credit for any money paid to the plaintiff during the initial weeks after his injury.
3. An attorney fee in the amount of twenty-five percent is approved for the plaintiff's attorney. The defendants shall deduct twenty-five percent from the accrued amount currently due to the plaintiff and pay it directly to the plaintiff's counsel. Thereafter, every fourth compensation check due to the plaintiff shall be paid to the plaintiff's counsel as an attorney fee.
4. The defendants shall pay the costs.
5. The issue(s) of whether plaintiff is permanently and totally disabled, whether plaintiff is entitled to permanent partial disability benefits, and/or whether plaintiff is entitled to benefits under §97-31 is reserved for later determination. Should the parties be unable to reach agreement concerning these, or other, issues they may seek dispute resolution in accordance with the Act.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER
RCR:db